UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Fort Lauderdale Division

Case Number _____

S & S DIESEL MARINE SERVICES, INC.

    Plaintiff,

v.

M/V "GRYPHON", that certain 1997, 80 foot
Mangusta Motor Yacht, bearing Hull Identification
Number XSD800200997, including her engines,
tackle, apparel, and appurtenances, *in rem*;
GRYPHON MARINE, LTD., *a foreign limited
company*; JOHN K. GEHRET, *in personam*;
and, PATRICK MERCURIO, *in personam*,

    Defendants,
_____/

## VERIFIED COMPLAINT IN ADMIRALTY

THE PLAINTIFF, S & S DIESEL MARINE SERVICES, INC., ("S&S"), by and through its undersigned attorney, sues the M/V "GRYPHON", that certain 1997, 80 foot Mangusta Motor Yacht, bearing Hull Identification Number XSD800200997, including her engines, tackle, apparel, and appurtenances, *in rem*, (the "GRYPHON"); GRYPHON MARINE, LTD., *a foreign corporation*, (the "OWNER"); JOHN K. GEHRET, *in personam*, ("GEHRET"); and, PATRICK MERCURIO, *in personam*, ("MERCURIO"), and alleges as grounds for the relief requested that:

### JURISDICTIONAL ALLEGATIONS

1. The actions set forth herein fall within the Federal Question and Admiralty and Maritime Jurisdiction of this Court pursuant to 28 U.S.C. §1331 and §1333, and are Admiralty and Maritime Claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.  At all times material to this action the Plaintiff, S & S DIESEL MARINE SERVICES, INC., ("S&S"), has been a Florida Corporation, duly licensed registered, and doing business in Broward County, the Southern District of Florida, and is the Mechanic in this action.

3.  At all times material to this action, Defendant, "GRYPHON", has been a recreational motor vessel and she has been, is, and unless released on bond will be during the pendency of this action, in Miami Beach, Miami-Dade County, Florida and within the Southern District of Florida and within the jurisdiction of this Court.

4.  At all times material to this action, Defendant, GRYPHON MARINE, LTD., ("OWNER"), was the record owner of the Gryphon and a foreign company doing business in the State of Florida, including but not limited to Broward County, Florida, but not registered to do business in Florida and not maintaining a Registered Agent in Florida.

5.  At all times material to this action, Defendant, JOHN K. GEHRET, ("GEHRET"), was also an owner of the Gryphon, and been an owner of real property in Miami-Dade County, Florida, but upon information and belief after due diligence is not a resident of Florida.

6.  At all times material to this action, Defendant, PATRICK MERCURIO, ("MERCURIO"), was doing business in Broward County, Florida, was an unregistered business entity, and upon information and belief after due diligence is not a resident of Florida.

7.  Venue is proper within the Southern District of Florida, where all of the parties reside and are located and where the cause of action arose.

8.  All conditions precedent to this action have been performed, have occurred, or have been waived.

## FACTUAL ALLEGATIONS

9.  On or about April 14, 2009, OWNER and GEHRET delivered the motor yacht GRYPHON to Plaintiff, S&S, and requested S&S to perform repairs and modifications to her.

10. Copy of the initial form of the contract for this work is attached as **Exhibit "A"**.

11. On or about July 10, 2009, OWNER and GEHRET negotiated for S&S to perform additional improvements under the contract. Copy of the executed change order is attached as **Exhibit "B"**.

12. On or about July 10, 2009, and under a separate change order, OWNER and GEHRET negotiated for S&S to perform additional improvements. Copy of the executed change order for this work is attached as **Exhibit "C"**.

13. On or about September 22, 2009, OWNER and GEHRET again negotiated for S&S to furnish additional labor, services, and materials. Copy of the executed change order is attached as **Exhibit "D"**.

14. In addition to the above referenced written contract and change orders and in addition to the above described improvements, between April 12, 2009 and June 17, 2010, OWNER and GEHRET verbally requested S&S to furnish additional labor, services, materials and other necessaries to improve the GRYPHON and entered into verbal agreements with S&S for those improvements under the same terms and conditions as those set forth in Exhibits A, B, C, and D. The necessaries agreed to and the prices agreed to for them under these change orders are set forth in **Composite Exhibit "E"** attached hereto.

15. OWNER and GEHRET agreed and promised to pay S&S for the necessaries furnished.

16. S&S agreed to furnish the necessaries based upon the promises of OWNER and GEHRET and the credit of OWNER, GEHRET, and the GRYPHON was a material consideration to S&S inducing them to furnish the necessaries.

17. As of June 17, 2010, S&S completed performance of its obligations under the contract as amended, including the improvements requested verbally.

18. The total value of the improvements furnished by S&S under the contract, as amended and added to, is in excess of $1,119,737.79, not including finance charges.

19. As of June 17, 2010, OWNER, GEHRET, and GRYPHON owed S&S a balance of $310,702.58 for the improvements furnished. Said balance does not include finance charges.

20. On June 17, 2010 S&S had possession of the GRYPHON and S&S had a statutory possessory lien on her pursuant to Section 713.58, Florida Statutes.

21. On June 17, 2010 under the guise of conducting a sea trial on the GRYPHON, Defendant, MERCURIO removed the GRYPHON from her birth at S&S with employees of S&S on board and then despite the protests of S&S refused to re-deliver her to S&S or to deliver the S&S employees to S&S.

22. S&S has made demand for the balance owed. However, OWNER, GEHRET, and GRYPHON have failed and refused to pay any portion of said balance.

<u>COUNT I</u>
(Against GRYPHON *in rem* to foreclose on Maritime Lien pursuant to
46 U.S.C. §3133 et seq and Supplemental Admiralty Rule C)

S&S realleges and restates the allegations stated in paragraphs 1 through 22 as if fully stated herein, and alleges further that:

23. This is an action for arrest of the GRYPHON and to enforce and foreclose on S&S' Maritime Lien against her.

24. The labor, services, and materials that S&S furnished to the GRYPHON as described above are necessaries under the Federal Maritime Lien Act.

25. S&S has a maritime lien against the GRYPHON for the labor, materials, services, dockage, utilities, and all other necessaries furnished to her by S&S.

26. The failure and refusal of OWNER to pay S&S for the labor, services, materials, dockage, utilities, and other necessaries that S&S furnished to GRYPHON has damaged S&S thereby entitling S&S to have this Court arrest the GRYPHON, foreclose the maritime lien, and thereby to have her sold to pay S&S for said necessaries.

WHEREFORE, the Plaintiff, S&S DIESEL MARINE SERVICES, INC. prays that this Court:

(a) Issue process, in due form of law and according to the course and practice of this Honorable Court in causes of Admiralty and Maritime Jurisdiction within the meaning of Rule 9(h), of the Federal Rules of Civil Procedure and as provided for in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, for the *in rem* arrest and seizure of the motor vessel GRYPHON, and that all

persons claiming any interest in the vessel be cited to appear and answer the claims and matters herein alleged;

(b) Find that S&S has a valid maritime lien against the GRYPHON for the $310,702.58 sought and to foreclose the lien; and,

(c) Cause the motor vessel GRYPHON, along with her engines, tackle, apparel, and all other fixtures and appurtenances to her, be seized, condemned and sold to pay the $310,702.58 owed to S&S as set forth above; plus finance charges; plus interest; and plus all further relief as S&S shall be entitled in law and justice to be awarded.

## COUNT II
(For Breach of Contract against OWNER and GEHRET)

S&S realleges and restates the allegations stated in paragraphs 1 through 22 as if fully stated herein, and alleges further that:

27. This is an action for damages against OWNER and GEHRET for breach of contract and this count arises out of the transactions and occurrences set forth above.

28. OWNER's and GEHRET's failure and refusal to pay S&S the $310,702.58 remaining due for the necessaries S&S furnished is in material breach of their contractual and legal duties to S&S.

29. S&S has suffered damages in amounts in excess of $310,702.58 for OWNER's and GEHRET's failure to pay for the rebuild and other repairs.

30. S&S has been forced by OWNER's and GEHRET's breaches to retain the undersigned attorneys for this action and S&S owes them a reasonable fee for their services.

31. Pursuant to the terms of the contract and agreements between the parties, S&S is entitled to an award of its attorney's fees in this action.

WHEREFORE, the Plaintiff, S&S DIESEL MARINE SERVICES, INC. prays that this Court enter judgment in its favor and against GRYPHON MARINE, LTD., and, JOHN K. GEHRET, for damages including $310,702.58 for the labor, services, and materials furnished to the GRYPHON under the contracts as amended; plus costs; plus reasonable attorney's fees; plus interest; and for all other such relief as the Court may deem lawful, just, and appropriate.

## COUNT III
(Against OWNER and GEHRET for Materials Furnished and Labor and Services Performed)

S&S realleges and restates the allegations stated in paragraphs 1 through 8 as if fully stated herein, and alleges further that:

32. This is an action for damages for work performed and materials furnished and arises out of the transactions and occurrences set forth above.

33. There is now due, owing, and unpaid from the OWNER and GEHRET to S&S the balance of $310,702.58, plus interest.

34. This $310,702.58 is due from OWNER and GEHRET for services rendered and materials, storage, and utilities furnished by S&S to them at their request between April 14, 2009 and June 17, 2010.

35. A description of the services rendered and materials furnished by S&S to Defendant is set forth in **Exhibits "A" through Composite Exhibit "E"**.

36. S&S rendered the services and provided the materials and OWNER and GEHRET received them.

WHEREFORE, the Plaintiff, S&S DIESEL MARINE SERVICES, INC. prays that this Court enter judgment in its favor and against GRYPHON MARINE, LTD., and, JOHN K. GEHRET, for damages including $310,702.58; plus costs; plus interest; and for all other such relief as the Court may deem lawful, just, and appropriate.

## COUNT IV
(Against OWNER and GEHRET for Quantum Meruit)

S&S realleges and restates the allegations stated in paragraphs 1 through 8 as if fully stated herein, and alleges further that:

37. This is an equitable action for unjust enrichment, in the event there is an infirmity with S&S's claims at law, and arises out of the transactions and occurrences set forth above.

38. Between April 14, 2009 and June 17, 2010 OWNER and GEHRET requested S&S to furnish labor, services, and materials for the improvement of their motor yacht, Gryphon.

39. S&S furnished the requested improvements.

40. The services and materials requested by OWNER and GEHRET and provided by S&S are set forth in **Exhibits "A" through Composite Exhibit "E"**.

41. OWNER and GEHRET have received the benefit of the services and the materials and other necessaries furnished by S&S.

42. OWNER and GEHRET requested the materials and other necessaries furnished by S&S and were at all times aware, including personal knowledge, that same were being furnished.

43. Reasonable persons would expect to pay the reasonable value of the materials and other valuables furnished by S&S.

44. As of the date of this Verified Complaint, the reasonable value of the improvements furnished by S&S was in excess of $1,119,737.44.

45. S&S remains due and unpaid $310,702.58 for the improvements furnished by S&S.

46. S&S has demanded payment. However, OWNER and GEHRET have failed and refused to pay any portion of the remaining balance due.

47. OWNER and GEHRET are unjustly enriched at S&S's expense to at least the value of the services and materials that are not paid for.

WHEREFORE, the Plaintiff, S&S DIESEL MARINE SERVICES, INC. prays that this Court enter judgment in its favor and against GRYPHON MARINE, LTD., and, JOHN K. GEHRET, for damages including $310,702.58; plus costs; plus interest; and for all other such relief as the Court may deem lawful, just, and appropriate.

## COUNT V
(Against MERCURIO for Materials Furnished and Labor and Services Performed)

S&S realleges and restates the allegations stated in paragraphs 1 -3 and 6 - 8 as if fully stated herein, and alleges further that:

48. This is an action for damages for work performed and materials furnished and arises out of the transactions and occurrences set forth above.

49. There is now due, owing, and unpaid from MERCURIO to S&S the amount of $310,702.58, plus interest.

50. This $310,702.58 is due from MERCURIO for labor, services, and materials requested by him of S&S and in turn furnished to him by S&S between January 5, 2010 and June 17, 2010.

51. A description of the services rendered and materials furnished by S&S to MERCURIO is set forth in **Composite Exhibit "E"**.

52. S&S rendered the services and provided the materials and MERCURIO received them.

WHEREFORE, the Plaintiff, S&S DIESEL MARINE SERVICES, INC. prays that this Court enter judgment in its favor and against PATRICK MERCURIO, for damages including $310,702.58; plus costs; plus interest; and for all other such relief as the Court may deem lawful, just, and appropriate.

## COUNT VI
(Against MERCURIO for Quantum Meruit)

S&S realleges and restates the allegations stated in paragraphs 1-3 and 6-8 as if fully stated herein, and alleges further that:

53. This is an equitable action for unjust enrichment, in the event there is an infirmity with S&S's claims at law, and arises out of the transactions and occurrences set forth above.

54. Between January 5, 2010 and June 17, 2010, MERCURIO requested S&S to furnish labor, services, and materials for the improvement of the motor yacht, Gryphon.

55. S&S furnished the requested improvements.

56. The services and materials requested by MERCURIO and provided by S&S are set forth in **Composite Exhibit "E"**.

57. MERCURIO has received the benefit of the services and the materials and other valuables furnished by S&S.

58. MERCURIO requested the materials and other valuables furnished by S&S and was at all times aware, including personal knowledge, that same were being furnished.

59. Reasonable persons would expect to pay the reasonable value of the materials and other valuables furnished by S&S.

60. As of the date of this Verified Complaint, the reasonable value of the improvements furnished by S&S was in excess of $310,702.58.

61. S&S remains due and unpaid $310,702.58 for the improvements furnished by S&S.

62. S&S has demanded payment. However, MERCURIO has failed and refused to pay any portion of the remaining balance due.

63. MERCURIO is unjustly enriched at S&S's expense to at least the value of the services and materials that are not paid for.

WHEREFORE, the Plaintiff, S&S DIESEL MARINE SERVICES, INC. prays that this Court enter judgment in its favor and against PATRICK MERCURIO for damages including $310,702.58; plus costs; plus interest; and for all other such relief as the Court may deem lawful, just, and appropriate.

## COUNT VII
(Against OWNER, GEHRET, and MERCURIO for Common Law Fraud and Statutory Fraud)

S&S realleges and restates the allegations stated in paragraphs 1 through 22 as if fully stated herein, and alleges further that:

64. This is an action against, OWNER, GEHRET, and, MERCURIO, for damages arising from fraud and violation of law and arises out of the transactions and occurrences set forth above.

65. MERCURIO removed the GRYPHON from the possession of S&S, willfully, without first making full payment to S&S, without the consent of S&S, knowing of S&S's lien, and, with intent to defraud.

66. Upon information and belief, MERCURIO took the GRYPHON from the possession of S&S at the direction of OWNER and GEHRET who both also knew of Plaintiff's possessory lien, that S&S did not consent to removal, that payment had not been made, without intention to make payment and intent to defraud.

67. The actions of MERCURIO, OWNER and GEHRET as described herein and especially in paragraph 18 are in direct violation of Section §713.58 and per se unlawful.

68. The actions of MERCURIO, OWNER and GEHRET as described herein and especially in paragraph constitute common law fraud.

69. The actions of MERCURIO, OWNER and GEHRET as described herein and especially in paragraph 18 have directly and proximately resulted in damages to S&S including but not limited to depriving S&S of its possessory right and lien in the GRYPHON.

WHEREFORE, the Plaintiff, S&S DIESEL MARINE SERVICES, INC. prays that this Court enter judgment in its favor and against GRYPHON MARINE, LTD., JOHN K. GEHRET, and, PATRICK MERCURIO for damages, plus costs; and for all other such relief as the Court may deem lawful, just, and appropriate.

## COUNT VIII
## CONSPIRACY TO COMMIT CONVERSION

Plaintiff restates and re-alleges paragraphs 1 - 22 and 64 - 69 of the Complaint as if fully set forth, and alleges further that:

70. This is an action against OWNER, GEHRET, and, MERCURIO, for damages in excess of $15,000.00 resulting from conspiracy for damages arising from fraud and violation of law and arises out of the transactions and occurrences set forth above.

71. As described herein, Defendants acted in concert and conspired to fraudulently deprive Plaintiff of its statutory possessory lien.

72. Defendants, all both individually and collectively, repeatedly acted in furtherance of the conversion and improper purposes.

WHEREFORE, the Plaintiff, S&S DIESEL MARINE SERVICES, INC. prays that this Court enter judgment in its favor and against GRYPHON MARINE, LTD., JOHN K. GEHRET, and, PATRICK MERCURIO for damages, plus costs; and for all other such relief as the Court may deem lawful, just, and appropriate.

Respectfully submitted on February 9, 2011.

WILLIAM STACEY, P.A.

By: _____
William E. Stacey, Jr., Esq.
Florida Bar Number 940460
Post Office Box 460053
Fort Lauderdale, Florida 33346
Telephone (954) 761-9898
Facsimile (954) 206-0827

STATE OF FLORIDA   )
COUNTY OF BROWARD  )

## VERIFICATION

BEFORE ME, the undersigned authority, on 02/09/2011, Sebastien Brismeur personally appeared and after being sworn stated that he is the President of the Plaintiff, S & S Diesel Marine Services, Inc. and that he has read the foregoing Verified Complaint and that the allegations contained therein are true and correct to the best of his personal knowledge, information, and belief, and that he is authorized to sign this Verified Complaint on behalf of the Plaintiff, S & S Diesel Marine, Inc.

S & S Diesel Marine Services, Inc.

By: _____
Sebastien Brismeur, President

SWORN to and subscribed before me on _____ by Sebastien Brismeur who is ☒ personally known to me, or ☐ who produced _____ as identification.

_____
CELINE BANDELAC, Notary Public -- State of Florida
(Print, Type or Stamp name Commissioned Name of Notary Public Above)

(SEAL)

CELINE BANDELAC
Notary Public - State of Florida
My Commission Expires May 12, 2012
Commission # DD 787704
Bonded Through National Notary Assn.